Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000128
26-JUN-2018
01:41 PM

NO. CAAP-18-0000128

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KAPANA B. THRONAS-KAHOONEI, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5DCW-17-0001185)

ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Fujise, and Reifurth, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Defendant-Appellant Kapana B. Thronas-Kahoonei's (Thronas-Kahoonei), pro se, appeal in appellate court case number CAAP-18-0000128, apparently from two interlocutory orders that the District Court of the Fifth Circuit (District Court) entered on January 14 and March 6, 2018, relating to the future trial on Plaintiff-Appellee State of Hawaii's (the State) charge against Thronas-Kahoonei for failing to appear in answer to a citation in violation of Hawaii Revised Statutes (HRS) § 803-6(e) (2014) in district court criminal case number 5DCW-17-0001185.

"The right to an appeal is strictly statutory." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citation omitted). The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (2016). HRS § 641-12(a) (2016) is the statute providing that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." Consequently, "in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)." State v. Bohannon, 102 Hawai'i 228, 236, 74 P.3d 980, 988 (2003); see also Rule 32(c)(2) of the Hawai'i Rules of Penal Procedure. And even when the district court enters a judgment of conviction, "[j]udgments of conviction are not final unless they include the final adjudication and the final sentence." State v. Kilborn, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005) (dismissing an appeal from a district court judgment of conviction that did not finally determine the entire sentence).

In the instant case, the District Court has not yet held a bench trial in District Court criminal case number 5DCW-17-0001185 pending the resolution of this appeal. Absent an appealable final judgment, however, the appealed interlocutory orders are not eligible for appellate review, and Thronas-Kahoonei's appeal is premature.

For the purpose of assisting the District Court in future similar circumstances, we note that Thronas-Kahoonei's jurisdictionally defective appeal from the interlocutory orders did not divest the District Court of jurisdiction. "Generally, the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case." TSA International Limited v. Shimizu Corporation, 92 Hawai'i 243, 265, 990 P.2d 713, 735 (1999) (citations omitted). "The general rule, however, assumes

2

that the notice of appeal is valid under the applicable statutory provisions and procedural rules. <u>Where the notice of appeal is jurisdictionally defective, filing the notice does not transfer jurisdiction from the trial court to the appellate court</u>." <u>Ontiveros</u>, 82 Hawai'i at 449, 923 P.2d at 391 (citations omitted; emphasis added).

In light of our lack of appellate jurisdiction, IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000128 is dismissed.

DATED: Honolulu, Hawai'i, **June 26, 2018.**


Chief Judge


Associate Judge


Associate Judge

3